GARY M. RESTAINO
United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Arizona State Bar No. 012581
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
laurence.tinsley@usdoj.gov
*Attorneys for Defendant United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Danishek and Dee Tezelli, A Marital Community<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Agriculture<br><br>Defendant. | CV-23-8131-PCT-JJT<br><br>**DEFENDANT'S ANSWER** |

Answering Plaintiffs' complaint, Defendant alleges, avers and denies as follows:

**Jurisdiction**[1]

1. Answering this paragraph's first sentence, this is a statement of law concerning jurisdiction, and thus requires no response. Defendant admits that the Court has jurisdiction and that venue is proper. Defendant also admits that Plaintiffs are bringing a claim under the Federal Tort Claims Act (FTCA).

---

[1] The section headings used in this Answer follow the headings used in Plaintiffs' complaint and are included for the purpose of organizational convenience in matching the answers provided with the Complaint's allegations.

2. Answering this paragraph's second sentence, Defendant denies these allegations for lack of sufficient knowledge.

3. Answering this paragraph's third sentence, Defendant denies that the United States Department of Agriculture (USDA), United States Forest Service (USFS) is a resident of Albuquerque, New Mexico, or a citizen of the United States. Defendant further avers that neither the USDA nor the USFS are properly named defendants in this matter, and that only the United States is a proper defendant under the FTCA.  Accordingly, this suit should be dismissed for failure to name a proper, jural defendant in this matter, and Defendant will so move.  *See* 28 U.S.C. §§ 2671, 2679(b)(1).  USFS is without sufficient information to admit or deny the reminder of the allegations in the paragraph.

**Complaint**

4. Answering the first and second statements/sentences of this paragraph, Defendant admits that Plaintiffs notified the Red Rock Ranger District of an incident involving their vehicle.

5. Defendant admits that Plaintiffs sent the USFS maps and descriptions of the location of an incident they claim occurred to them.

6. Defendant avers that the paragraph's allegations appear to characterizes the contents of Claim #20233030006-001, which speaks for itself.

7. As to the remaining allegations of this paragraph, Defendant is without sufficient information to admit or deny the remainder of the allegations contained within the paragraph entitled "Complaint," including any allegations that Plaintiffs suffered damages, and therefore denies them.  Defendant denies all allegations of negligence or liability.

**Demand**

8. Defendant avers that the paragraph's allegations appear to characterizes the contents of Claim #20233030006-001, which speaks for itself. Defendant denies the remaining allegations for lack of sufficient knowledge.  Defendant denies all allegations of negligence or liability, and specifically denies that any admission of

liability occurred and that any subsequent remedial measures are barred from consideration by Rule 407, Federal Rules of Evidence.

9. The paragraph entitled "Demand" is, in part, a statement of law, and thus requires no response. To the extent a response is required, the USFS denies it. The USFS is without sufficient information to admit or deny the remainder of the allegations contained in the paragraph entitled "Demand."

10. Defendant denies each and every remaining allegation not specifically admitted or denied above.

**Affirmative Defenses**

A. Plaintiffs fail to state a claim upon relief may be granted.

B. Plaintiffs' complaint is barred by Arizona's Recreational Use Statute. A.R.S. § 33-1551.

C. Plaintiffs' allegations about any subsequent erection of posts, rocks, or banners is barred by the doctrine of subsequent remedial measures. *See* Federal Rule of Evidence 407.

D. Defendant did not have actual notice of the condition about which Plaintiffs complain.

E. Plaintiffs' claims against Defendant are subject to, and limited by, the FTCA. 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

F. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

G. Defendant, through its employees, agents, and servants, acted with due care and diligence, and did not breach any duty owed to Plaintiffs.

H. Defendant, through its employees, agents, or servants, was not negligent and no act or omission caused in fact or proximately caused any alleged damages claimed by Plaintiffs.

I. Plaintiffs' Complaint may be barred in whole or in part by the doctrine of comparative negligence.

J. Plaintiffs may have failed to mitigate their damages.

K. This action may be barred as to any matters based upon the exercise or performance or failure to exercise or perform a discretionary function or duty.

L. Defendant may have further or additional defenses which are not yet known, but which may become known through future discovery. Defendant asserts each and every affirmative defense as may be ascertained through future discovery including those required by Rule 8 and 12 of the Federal Rules of Civil Procedure. Respectfully submitted this 11th day of December 2023.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

        *s/ Laurence G. Tinsley, Jr.*
        Laurence G. Tinsley, Jr.
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Steve Danishek
Dee Tezelli
846 N. Pueblo Drive #120
Casa Grande, Az 85122
TMATravel@aol.com
*Pro Se*

s/ *Irene Millsaps*
United States Attorney's Office