**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Steve Danishek, *et al.*, | No. CV-23-08131-PCT-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

At issue is Defendant United States of America's Motion for Judgment on the Pleadings (Doc. 27, "Mot."), to which *pro se* Plaintiffs Steve Danishek and Dee Tezelli filed a Response (Doc. 29) and Defendant filed a Reply (Doc. 31). Also at issue is Plaintiffs' Request to Amend Original Complaint with Corrections and Additional Factual Information and One Additional Document (Doc. 30, "MTA"), to which Defendant filed a Response (Doc. 37).

**I.     BACKGROUND**

Plaintiffs filed a simple, three paragraph Complaint (Doc. 1, "Compl.") alleging the following. While parking at a hiking trailhead in Coconino National Forest, Plaintiffs unknowingly backed their vehicle over an "unmarked survey marker standpipe" that their vehicle's rear detection sensor did not detect because the standpipe was hidden in "weeds." (Compl. at 1.) When they drove forward, the standpipe ripped their vehicle's rear bumper off. (Compl. at 1.) Plaintiffs "notified the Red Rock Ranger in Sedona," who was unaware of the standpipe at the time but has since marked it to warn others. (Compl. at 1.) Plaintiffs assert that Defendant was "negligent and liable" for property damage under the Federal

Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), "by allowing a dangerous unmarked survey market standpipe in a popular hiker trailhead largely used by out-of-state visitors." (Compl. at 2.) Plaintiffs attached to their complaint several exhibits.

Defendant answered and asserted, in relevant part, that Plaintiffs' claim is barred by Arizona's recreational use statute, A.R.S. § 33-1551. (Doc. 22 at 3.) Defendant then filed its Motion for Judgment on the Pleadings based on the same defense.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings should be granted only if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

A Rule 12(c) motion is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Specifically, a complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). Although a complaint does not need to "contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.     ANALYSIS

### A.     Defendant's Motion for Judgment on the Pleadings

The United States is amenable to suit only insofar as it has waived its sovereign immunity. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). Plaintiffs bring their claim under the FTCA, which "constitutes a limited waiver of that immunity." *LaBarge v. Mariposa Cnty.*, 798 F.2d 364, 366 (9th Cir. 1986). Specifically, the FTCA waives sovereign immunity

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). In so doing, the FTCA functions "to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955).

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992); 28 U.S.C. § 2674. And Defendant argues here that state law bars Plaintiffs' claim. (Mot. at 3–6.)

Defendant cites Arizona's recreational use statute, which provides that a landowner "is not liable to a recreational user . . . except on a showing that the owner . . . was guilty of wilful, malicious or grossly negligent conduct that was a direct cause of the injury to the recreational user." A.R.S. § 33-1551(B). A "recreational user" under the statute is "a person to whom permission has been granted or implied without the payment of an admission fee" to enter the premises to engage in certain activities, including hiking. A.R.S. § 33-1551(G)(5).

Assuming the recreational use statute applies, Defendant points to various facts[1] to argue that Plaintiffs cannot show gross negligence. But the Court need not wade into a factual analysis at this stage because Plaintiffs allege only that Defendant "was negligent and liable" for property damage under the FTCA. (Compl. at 2.) They do not allege that Defendant "was guilty of wilful, malicious or grossly negligent conduct." Accordingly, under the statute, Plaintiffs' claim of negligence would be barred.

However, Defendant cannot "clearly establish[] on the face of the pleadings" that the recreational use statute applies. *See Hal Roach Studios*, 896 F.2d at 1550. Although Defendant asserts that "it is undisputed that [Plaintiffs] paid no fee . . . to hike in the area" (Mot. at 4), this fact appears nowhere in the pleadings. Defendant therefore cannot show that Plaintiffs were "recreational users" under the statute and thus that Defendant is immune from a simple negligence claim. Defendant does not move for judgment on any other grounds.  Accordingly, the Court will deny Defendant's Motion.

### B.    Plaintiff's Motion for Leave to Amend

Plaintiffs request leave to amend their Complaint to add facts "that bear[] on [their] claim of Gross Negligence." (MTA at 1.) It is unclear from this language whether Plaintiffs seek to amend their initial claim under the belief that it was for gross negligence, or whether they are asking for leave to add such a claim. Moreover, Plaintiffs' Motion does not adhere to Local Rule of Civil Procedure 15.1(a), which requires a party who moves for leave to

---

[1] Although some of the facts referenced by Defendant are alleged in the Complaint, many of them are not. The Court accepts as true only the factual allegations in the Complaint and will not look beyond the pleadings to rule on this Motion. *See Hal Roach Studios*, 896 F.2d at 1550.

amend a pleading to "attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1(a). Instead, Plaintiffs list one "correction" to their original complaint (the name of the trailhead parking area) and add eleven "additional facts," most of which describe the popularity of the trailhead parking area. (MTA at 1–4.)

Defendant acknowledges these procedural deficiencies but attacks the Motion primarily on the ground that the additional facts do not amount to an adequately pled claim of gross negligence. (Doc. 37.) However, without a procedurally proper motion, the Court cannot discern whether Plaintiffs intended the additional facts to apply to their negligence claim, a new gross negligence claim, or both. The Court will therefore deny Plaintiffs' Motion as presented but will grant Plaintiffs the opportunity to file another motion for leave to amend their negligence claim, add a gross negligence claim, or otherwise amend the Complaint in relation to the alleged incident. This and any future motion for leave to amend must comply with Local Rule of Civil Procedure 15.1(a) and Federal Rules of Civil Procedure 8 and 10.

**IT IS HEREBY ORDERED** denying Defendant's Motion for Judgment on the Pleadings (Doc. 27).

**IT IS FURTHER ORDERED** denying Plaintiffs' Request to Amend Original Complaint with Corrections and Additional Factual Information and One Additional Document (Doc. 30).

**IT IS FURTHER ORDERED** that Plaintiffs shall have 21 days from the date of this Order to file a Motion for Leave to Amend their Complaint. Any such Motion shall comply with LRCiv 15.1(a) and Fed. R. Civ. P. 8 and 10.

Dated this 23rd day of April, 2024.

_____
Honorable John J. Tuchi
United States District Judge